UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv100
(3:05cr11)

| | |
|---|---|
| CHARLES WASHINGTON, )<br>　　　Petitioner, )<br> )<br>　　　v. )<br> )<br>UNITED STATES OF AMERICA, )<br>　　　Respondent. )<br>_____) | O R D E R |

**THIS MATTER** is before the Court upon the petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1); the government's Response (Doc. No. 7), and the government's Motion to Dismiss (Doc. No. 8).[1] For the reasons stated below, the government's Motion to Dismiss will be granted and Washington's Motion to Vacate will be dismissed.

I.　　PROCEDURAL HISTORY

On January 26, 2005, Washington was indicted for possession with intent to distribute 500 or more grams of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841, and for using and carrying a firearm during and in relation to a drug trafficking crime and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (Case No. 3:05cr11, Doc. No. 3). On July 18, 2005, Washington filed a plea agreement (Case No. 3:05cr11, Doc. No. 11) and pled guilty to both counts (Case No. 3:05cr11, Doc. No. 12: Acceptance and Entry of Guilty Plea).

---

[1]Washington was given notice of his opportunity to respond to the government's Motion to Dismiss. (Doc. No. 12: Order). The Court granted his request for additional time to respond (Doc. No. 16), but Washington never filed a response.

On March 6, 2006, the government filed a Motion for Downward Departure based on Washington's substantial assistance (Case No. 3:05cr11, Doc. No. 16), and the government filed a second motion requesting a further departure on July 7, 2006 (Case No. 3:05cr11, Doc. No. 17). During the sentencing hearing on July 11, 2006, the Court granted the government's second departure motion and sentenced Washington to 51 months' imprisonment on Count One and 60 months' imprisonment consecutively on Count Two. (Case No. 3:05cr11, Doc. No. 18: Judgment; Case No. 3:05cr11, Doc. No. 19: Statement of Reasons). Washington did not appeal his conviction or sentence. On March 5, 2007, Washington timely filed the instant Motion to Vacate alleging that his conviction was the result of an unlawful search and seizure; his guilty plea to the gun charge was unknowing and involuntary; and that he received ineffective assistance of counsel. (Doc. No. 1).

II.  LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the court must direct the government to respond. Id. The court must then review the government's answer and any materials submitted by parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). Following such review, it is clear to the Court that Washington is entitled to no relief on his claims; thus, a hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir.1970).

A. Ground One: Fourth and Fifth Amendment Claims

In Ground One of his § 2255 petition, Washington seeks to litigate the merits of a constitutional challenge to searches of his automobile and residence by law enforcement agents that he neither raised in the district court nor on direct appeal. (Doc. No. 1: Motion at 4). His attempt to do so now is barred for two reasons.

First, his guilty plea to the charges waived non-jurisdictional defects, such as the legality of the search. United States v. Robeson, 231 Fed. Appx. 222, 224 (4th Cir. 2007) (citing Menna v. New York, 423 U.S. 61, 62-63 n. 2 (1975)). At the plea hearing, Washington testified under oath that he understood the charges and that he had sufficient opportunity to discuss any defenses with his attorney. (Case No. 3:05cr11, Doc. No. 22: Tr. at 6-7, 15). In Ground One, he does not claim that his plea was involuntary, but only that evidence against him was obtained in violation of his Fourth and Fifth Amendment rights. (Doc. No. 1-2: Memorandum at 14, 16). His plea to the charges, however, waived this alleged non-jurisdictional defect.

Second, Washington's plea agreement included a waiver which prevents an appeal or collateral attack on the conviction except for claims of ineffective assistance of counsel, prosecutorial misconduct, or a sentence contrary to stipulations in the agreement.[2] (Case No. 3:05cr11, Doc. No. 11 at ¶ 18). In Ground One, Washington does not contend that the plea agreement was invalid. At his Rule 11 hearing, the government explained the nature of the waiver, and Washington testified that he understood it. (Case No. 3:05cr11, Doc. No. 22: Tr. at 12, 14-15). The Fourth Circuit has upheld such knowing waivers. United States v. Lemaster, 403

---

[2]Washington's claim in Ground Three that his attorney was constitutionally deficient for failing to challenge the searches is addressed below.

F.3d 216, 220-21 (4th Cir. 2005). A challenge to the constitutionality of the actions of law enforcement agents is outside the limited areas reserved by Washington for direct appeal or collateral attack. Accordingly, his waiver in the plea agreement prevents his litigating this claim in Ground One of his Motion to Vacate.

      B.      Ground Two: Plea to 18 U.S.C. § 924(c) Charge

In Ground Two, Washington alleges that his guilty plea to the § 924(c) charge was not knowing and voluntary because he is actually innocent of that charge. (Doc. No. 1: Motion at 5). He contends his possession of two firearms was "passive" and that the drugs were "located in an entirely differently [sic] and separate location of the home." (Doc. No. 1-2: Memorandum at 17).

"When deciding whether an evidentiary hearing is necessary to resolve a § 2255 motion contesting a guilty plea, first a court must determine whether the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous or false as to warrant summary dismissal." Lemaster, 403 F.3d at 220 (internal quotation marks omitted). A defendant's sworn statements in open court "carry a strong presumption of verity" because courts must be able to rely on a properly conducted Rule 11 hearing. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221.

Here, Washington does not charge that his Rule 11 hearing was improperly conducted. After the magistrate judge explained the nature of the § 924(c) charge, Washington answered that he understood it and admitted that he was, in fact, guilty of the charge. (Case No. 3:05cr11, Doc.

4

No. 22: Tr. at 6-7, 9). He affirmed that he had enough time to discuss possible defenses with his attorney, stated that he was satisfied with her services, and had no questions for the court. (Case No. 3:05cr11, Doc. No. 22: Tr. at 15-16). Accordingly, the magistrate judge found that the defendant had knowingly and voluntarily entered his guilty plea. (Case No. 3:05cr11, Doc. No. 12: Acceptance and Entry of Guilty Plea). At the defendant's sentencing hearing, he affirmed his previous statements to the magistrate judge and did not dispute the facts in the Presentence Report (PSR). (Case No. 3:05cr11, Doc. No. 20: Tr. at 3-6).

Washington seeks to upset those sworn declarations by now disputing his attorney's forecast that a court would not dismiss the § 924(c) charge given the facts of this case. As discussed below, that advice was not constitutionally deficient. To establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. House v. Bell, 547 U.S. 518, 537 (2006). Washington admits that he possessed the loaded pistol-grip shotgun at the bed in his master bedroom, across the room from a closet where a kilogram of cocaine was found in one safe and over $8,000 was found in another. (Doc. No. 1-2: Diagram of house). It is unclear where the dresser was located that contained the .38 caliber revolver and ammunition. (Doc. No. 1-2: Memorandum at 8). These facts are sufficient to support the defendant's admission under oath that he possessed the firearms in furtherance of a drug trafficking offense and to preclude his claim of actual innocence. United States v. Milbourne, 129 Fed. Appx. 861, 868-69 (4th Cir. 2005) (reasonable juror could find § 924(c) violation where gun discovered during execution of search warrant was located between mattress and box spring across bedroom from closet containing drugs). It follows that Ground Two of Washington's Motion to Vacate petition must be dismissed without a hearing.

C.  Ground Three: Ineffective Assistance of Counsel

In Ground Three, Washington alleges that he was denied his right to effective counsel because his lawyer did not move to suppress evidence and advised him to plead guilty to the § 924(c) charge. (Doc. No. 1: Motion at 8). To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (internal citations and quotation marks omitted).

1.  Failure to File a Motion to Suppress

Following up on a tip that "Skeets" living at living at 3124 Arklow Road in Charlotte, North Carolina, was selling large quantities of cocaine, investigators pulled the trash left at the curb of that location on June 28 and July 26, 2004. (PSR at ¶ 5; Doc. No. 1-2: Application for Search Warrant). Each time, plastic baggies with cocaine residue and documents bearing Washington's name were found. (Doc. No. 1-2: Application for Search Warrant). Detectives then verified that the electricity for that location was in his name. Washington claims that the search warrant was deficient because it lacked information stating how the investigation began, establishing a history of drug dealing, and showing the contraband was linked to the residence.

No probable cause is needed to check garbage left of street curb, California v. Greenwood, 486 U.S. 35 (1988); therefore, it was not necessary to detail how the investigation began or establish any prior drug trafficking by Washington.[3] The combination of cocaine packaging materials in the same trash bags as documents with Washington's name was sufficient to provide reason to believe there might be evidence of a crime in his residence.

The warrant was executed on July 26, 2004, after officers observed Washington drive away from the residence in a Mercedes Benz. (PSR at ¶ 5). During the stop, he was told that he was under investigation for drugs and that a warrant had been requested for his residence. (PSR at ¶ 5). Washington agreed to return to the house, admitted there was a shotgun and cocaine inside, and claimed his fiancée was not involved. (PSR at ¶ 5). Washington claims the traffic stop was pretextual because the police wanted to search his car, which was not listed in the search warrant. (Doc. No. 1-2: Memorandum at 11-12). However, he admits that the trash pull, which had be conducted earlier that day, created reasonable suspicion that drugs were in the residence. (Doc. No. 1-2: Memorandum at 15).

When law enforcement agents observed him leaving the residence, it was reasonable for them to stop him for investigation. United States v. Singh, 363 F.3d 347, 355 (4th Cir. 2004). His agreement to go with them to the residence, his voluntary statements, and his consent to their search of the house did not implicate the Fourth or Fifth Amendment.[4] Additionally, the search

---

[3]According to the PSR, the defendant had two cocaine trafficking charges dismissed in 1993. (PSR at § 28).

[4]The evidence gained from the search of the car was not necessary for his conviction; the requisite amount of cocaine and the firearms were found inside the residence described in the search warrant.

warrant authorized the search of his person (Doc. No. 1-2: Search Warrant), so he could have been detained for that purpose.

Accordingly, Washington has not shown that his attorney's decision to not to file a motion to suppress evidence was objectively unreasonable and that the outcome would have been different if a motion had been filed.

    2.    Plea to 18 U.S.C. § 924(c) Charge

Washington asserts that his counsel was ineffective failing to realize that the shotgun was not located "anywhere near" the drugs, to learn that there was no evidence that he "actively employed" the firearm in furtherance of drug trafficking, and to investigate that he was actually innocent of protecting the drugs with the firearm. (Doc. No. 1-2: Memorandum at 19). As detailed above, the facts admitted by Washington in his motion and the PSR, to which he did not object, are sufficient to establish that a reasonable juror could have found that the loaded and accessible shotgun provided a defense against someone trying to steal drugs and cash in the closet of the same room. United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Washington has not shown that it is more likely than not that his alternate explanation that he owned the guns because he enjoyed them and for home security would have been accepted by the jury. Thus, his attorney's advice that he plead guilty was not constitutionally deficient.

Washington has also failed to show a reasonable probability that, but for his attorney's advice, he would have chosen to go to trial. Had he gone to trial and been convicted of both counts, his sentencing range would likely have been 248 months to 295 months.[5] By pleading

---

[5]This calculation assumes an offense level of 36 for the drug offense and criminal history category of I (PSR at ¶¶ 19, 27), plus 60 months consecutively for the § 924(c) offense.

guilty and cooperating with the government, Washington was sentenced to 111 months. (Case No. 3:05cr11, Doc. No. 18: Judgment). Considering his exposure to severe punishment, the substantial evidence against him, and the significant benefit from his cooperation, Washington has not shown that his attorney's actions fell below an objective standard of reasonableness. Thus, he is not entitled to relief on his claim of ineffective assistance of counsel in Ground Three.

III. CONCLUSION

The Court has considered the Motion of the petitioner, the Response of the government, the documents submitted by the parties, and the entire record of this matter and finds that it is clear that Washington is not entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that:

1. The government's Motion to Dismiss (Doc. No. 8) is **GRANTED**; and;

2. The petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**.

Signed: April 12, 2008

Robert J. Conrad, Jr.
Chief United States District Judge